UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

In re:
JOSEPH DEAN MCINNIS and,      Case No.: BG 16-04742
LORI ANN MCINNIS      Chapter 13
    Debtor.

Honorable James W. Boyd

_____/

THERMAL-TEC/MICHIGAN, INC.,      **Adversary Proceeding No.: 16-80333**

    Plaintiff,
v.

JOSEPH MCINNIS,

    Defendant.
_____/

### REPORT OF PARTIES' RULE 7026(F) CONFERENCE

Pursuant to Rule 7026 of the Federal Rules of Bankruptcy Procedure, incorporating Rule 26(f) of the Federal Rules of Civil Procedure, by and through their respective counsel, jointly submit this Rule7026(f) Report and Proposed Discovery Plan:

**I. RULE 26(f) CONFERENCE**

Pursuant to Rule 26(f), the parties held a meeting on **April 21, 2017**, which was attended via telephone by the following attorneys:

Greg J. Ekdahl      Jeffrey Mapes
Keller & Almassian, PLC      Attorney for Defendant
Attorneys for Plaintiff      29 Pearl St. NW, Suite 305
230 East Fulton Street      Grand Rapids, MI 49503
Grand Rapids, MI 49503      (616) 719-3847
(616) 364-2100

**II. RULE 26(a)(1)**

Pursuant to Rule 26(a)(1), the parties agree to make initial disclosures by **May 26, 2017**. The initial disclosures shall include any and all information, known by the parties, as required by Rule 26(a)(1)(A)(i) – (iv).

**III. SUBJECTS AND NATURE OF DISCOVERY**

1

### A. DISCOVERY BY PLAINTIFF

Plaintiffs will need to conduct discovery on (1) whether the Debtor-Defendant owes them a debt that is a non-dischargeable debt under 11 U.S.C. § 523(a)(4); and (2) all affirmative defenses raised by Debtor-Defendant; and (3) damages.

### B. DISCOVERY BY DEFENDANT

Debtor-Defendant will need to conduct discovery on (1) whether the debt owed is a non-dischargeable debt under 11 U.S.C. § 523(a)(4); and (2) all allegations raised by Plaintiff.

## IV. DISCOVERY SCHEDULE

### A. TERM

Discovery in this adversary proceeding shall remain open until **August 30, 2017**. Either party may request an extension of discovery at the second Pre-Trial meeting.

### B. DISCOVERY MOTIONS

Any motion regarding discovery shall be timely if filed before the close of discovery.

### C. DISCOVERY REQUESTS

The following limits are placed on discovery:

1. A maximum number of 20 interrogatories by each party to any other party. Answers and objections to interrogatories are due within 30 days after being served. See Rule 7033.

2. A maximum number of 20 requests for admission be each party to any other party. A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. See Rule 7036.

3. A maximum number of 3 depositions by Plaintiffs and 3 depositions by Defendant unless extended by agreement of the parties.
    a. Each deposition is limited to a maximum of 4 hours, unless extended by agreement of the parties, and those 4 hours must all take place on the same calendar day.
    b. There shall be no more than two depositions in one day.

## V. DISPOSITIVE MOTIONS

All potential dispositive motions, including a motion for summary judgment under Rule 56, shall be filed on or before **September 29, 2017.** Except as otherwise ordered by the court,

any response to a dispositive motion will be timely only if filed and served within 14 days after the motion is filed. The Court may rule on such motions without oral argument if, in the Court's opinion, oral argument is not necessary. The parties should draft their motion papers with this possibility in mind.

## VI.  WITNESS DISCLOSURES AND EXHIBITS

### A. PRE-TRIAL DISCLOSURE

The parties agree to, before trial, disclose witnesses in accordance with the following deadlines:

1. Plaintiffs agree to disclose all lay witnesses by **May 26, 2017.**

2. Debtor-Defendant agrees to disclose all lay witnesses by **May 26, 2017.**

3. The parties agree to disclose expert witnesses by **June 13, 2017.**

To the extent that a witness is found during discovery, Parties may amend Witness Disclosure and disclose the witness by July 14, 2017.

### B. TRIAL DISCLOSURE

Within 30 days before trial, all parties shall:

1. Exchange copies of all exhibits they intend to introduce into evidence (the court will not docket the proposed exhibits);

2. File an exhibit list with the Court; and

3. Transmit or deliver two sets of hard copies of all exhibits to the court and provide a copy, at trial, for witnesses.

If a party's exhibit list contains more than ten exhibits, the party shall submit the exhibits in a bound exhibit booklet. The Plaintiffs shall identify exhibits as "Plaintiffs' Exhibits 1, 2, 3 etc; the Defendants shall identify the exhibits as "Defendants' Exhibits A, B, C etc." The Court may exclude any exhibit that a party fails to file in compliance with this Discovery Plan. The parties desire to prevent surprises at trial.

In the absence of written objections to proposed exhibits filed and served not later than 14 days after the Exhibit Deadline, the court will admit proposed exhibits into evidence at trial without the necessity of any further authentication; however, the parties, may at trial, object to an exhibit based upon hearsay or relevancy or grounds other than authenticity, and may argue the weight of an exhibit.

## VII. SETTLEMENT CONFERENCE

Settlement cannot be evaluated prior to the close of discovery. Nevertheless, the parties' agree to a settlement conference with this Court to be held on **October 12, 2017**. The parties will also explore the feasibility of mediation at the close of discovery. The mere fact that the parties are negotiating, even if they are close to settling, does not excuse strict compliance with the schedule adopted by this discovery plan.

## VIII. TRIAL

This case should be ready for non-jury trial in Grand Rapids (One Division Ave. N., Grand Rapids, MI), in **December 2017**. The parties believe that this matter will take approximately one to two days to try.

## IX. CONSENT TO FINAL JUDGMENT

Plaintiff and Debtor-Defendant consent to this Court entering a final order and judgment on this adversarial proceeding.

Date: April 21, 2017

/s/ A. Todd Almassian
A.Todd Almassian (P55467)
Greg J. Ekdahl (P67768)
Keller & Almassian, PLC
Attorneys for Plaintiffs
230 East Fulton Street
Grand Rapids, MI 49503
(616) 364-2100


/s/ Jeffrey D. Mapes
Jeffrey D. Mapes (P70509)
Attorney for Defendant
29 Pearl St. NW, Suite 305
Grand Rapids, MI 49503
(616) 719-3847